**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julius Lamarr WILLIAMS,
Defendant–Appellant.**

No. 99–2441.

United States Court of Appeals,
Sixth Circuit.

April 30, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

*ORDER*

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have agreed to waive

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Julius Lamarr Williams ("Williams") was named in two counts of a four count indictment on firearm and drug charges. The case proceeded to a jury trial and Williams was found guilty of possession with intent to distribute cocaine and marijuana, both in violation of 21 U.S.C. § 841. The district court sentenced Williams to a 180 month term of imprisonment, to be followed by a five year period of supervised release, and this appeal followed.

Williams and his brother, John Williams, were named in the 1999 indictment and, at their arraignment, were represented by the same attorney, Kenneth Karasick. The transcript of the arraignment shows that Karasick told the court that he had discussed with the Williams brothers the possibility that joint representation might present a conflict of interest at some point in the case but, for purposes of the arraignment, they both wanted to be represented by him. The court acknowledged this and ascertained that the Williams brothers were making an informed decision to proceed with dual representation for purposes of the arraignment.

The parties prepared for a joint trial of the Williams brothers and, during voir dire, the government initiated another discussion of the dual representation of the brothers by Attorney Karasick. Karasick related to the court that he had reminded the brothers of their right to individual attorneys, but that they wanted to proceed with their independent defenses with him as their legal counsel. The brothers then acknowledged the accuracy of Karasick's statements and the court proceeded to make individual inquiries of each brother to confirm their wishes in this regard. The court first engaged John Williams in an extensive colloquy and informed him of the possible dangers and conflicts of interest that might arise with dual representation. John Williams reaffirmed his desire to proceed with Karasick as the attorney for both brothers and the court turned to Julius Williams with the same inquiry. Julius Williams also confirmed his awareness of the possible prejudice to his defense with dual representation and his desire nevertheless to do so.

The case proceeded to trial. The evidence adduced showed that officers executed a search warrant of Julius Williams's residence when Williams was home and found the following: almost ninety grams of crack cocaine in Williams's bedroom, almost three kilograms of packaged marijuana in a basement refrigerator, a vial of crack cocaine behind the couch on which Williams was sitting, another vial of crack cocaine in a dresser, a loaded, operable pistol, scales and a supply of plastic baggies. Williams declined to testify in his own behalf and he was convicted of the counts of record.

The district court subsequently held a sentencing hearing for Julius Williams. The parties discussed whether Williams was entitled to any reduction in his base offense level for acceptance of responsibility and the district court rejected any such reduction. Williams was then given an opportunity to speak. Williams first asked for a lenient sentence as he is father to two children. Williams then noted, without further elaboration, that he would have pleaded guilty "but for the fact that my lawyer had not told me that he could do these things because he felt the search warrant was improper." The court then imposed the sentence of record.

On appeal, Williams is represented by new counsel who posits one issue for review. Counsel argues that

Mr. Williams was denied the effective assistance of counsel where he was represented by the same attorney who represented his brother, the co-defendant, where no Rule 44(c) hearing was held, and where counsel advised him against pleading guilty and told him to stand trial because the search warrant was invalid but counsel never challenged the validity of the search warrant.

The sole issue presented on appeal is not ripe for appellate review. This court will not ordinarily review claims of ineffective assistance of counsel for the first time on direct appeal. *See United States v. Thomas,* 74 F.3d 701, 715 (6th Cir.1996); *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). The reason for this is that there has not usually been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *Id.* The case at bar presents just such a situation. There is absolutely no evidence in the record, outside of a passing reference at sentencing made in another context, of the substance of any conversations between Williams and his counsel concerning the validity of the search pursuant to warrant or the decision not to initiate a suppression hearing. Thus, this aspect of Williams's appellate argument would be best addressed first by the district court pursuant to a motion under 28 U.S.C. § 2255. *See United States v. Fortson,* 194 F.3d 730, 736 (6th Cir.1999). It is also possible that Williams may be able to show, with evidence extrinsic to the present record, that he was somehow affirmatively prejudiced by the joint representation, a precondition to his obtaining relief on this ground. *See Thomas v. Foltz,* 818 F.2d 476, 481–82 (6th Cir.1987) (dual representation does not automatically constitute a Sixth Amendment violation in the absence of "actual significant conflict"). The present record is also not adequate for this purpose.

Accordingly, the district court's judgment is affirmed.